UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Dean MOORE, Defendant-Appellant.

No. 84–1422
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1984.

D. Patrick Long, Amarillo, Tex. (Court appointed), for defendant-appellant.

James A. Rolfe, U.S. Atty., Fort Worth, Tex., Roger L. McRoberts, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Michael Dean Moore appeals convictions of two counts of mail fraud, 18 U.S.C. §§ 1341 and 1342, contending that the convictions were based on inadmissible hearsay. Concluding that the challenged evidence was admissible, we affirm.

*Facts*

The Navy Federal Credit Union in Washington, D.C. mailed a Statement of Account to one of its customers, Michael D. Moore, at an address in Vallejo, California. The post office erroneously forwarded this statement to another Michael D. Moore at an address in Amarillo, Texas. The second Moore is the defendant herein.

248

Upon receipt of the statement, defendant Moore knew an error had been made for although he had been in the Navy and stationed at Mare Island, Vallejo, California, he did not have an account with the Navy Federal Credit Union. Notwithstanding, Moore caused his sister, Laneta Smith, to write a letter requesting closure of the account and remittance of the balance to him. Moore signed and mailed this letter. A few days later Moore received a check for $9,672.73 from the Credit Union payable to Michael D. Moore. Moore endorsed the check and deposited it to an account he opened in a local savings and loan institution. Over the next several weeks Moore and his grandmother withdrew the funds.

At trial the government offered the letter. The defense objected, contending that the letter was hearsay. The trial court overruled the objection and admitted the letter under Fed.R.Evid. 803(6) as an excepted business record.

### Hearsay

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is generally inadmissible unless it fits within one of the exceptions listed in Fed.R.Evid. 803 and 804. Fed.R.Evid. 802.

■ The business records exception, Fed.R.Evid. 803(6) permits the introduction of

[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The subject letter is not admissible as a business record under Rule 803(6), see United States v. Baker, 693 F.2d 183 (D.C. Cir.1982); United States v. Williams, 661 F.2d 528 (5th Cir.1981); it is, rather, a statement by an individual lacking the guarantees of trustworthiness generally associated with the various exceptions to the hearsay rule.

■ Our finding that the letter was not admissible under Rule 803(6) does not end our inquiry because a trial court's ruling admitting evidence will be reversed only if no basis exists for proper admission of the evidence. S.E.C. v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The letter in this case was properly admitted. It was not hearsay.

■ The letter was not offered for proof of its contents. A statement falls under the hearsay scythe only if so offered. The government offered the letter as proof that certain statements were made, not that the statements were true. "Rather, the government offered the [letter] to establish a foundation for later showing, through other admissible evidence, that it was false." United States v. Adkins, 741 F.2d 744, 746 (5th Cir.1984). "When statements are introduced to prove the *falsity* of the matter asserted, they are not inadmissible as hearsay." Id.

The government offered evidence to show that defendant Michael D. Moore was not the Michael D. Moore who had an account with the Navy Federal Credit Union. This proof included evidence that the two Moores had different social security numbers and that defendant Moore had assumed that of the other when directing closure of the account. Further, the evidence included an admission by defendant Moore that he did not have an account at the Credit Union but had caused his sister to write the letter of closure which he signed and mailed.

■ Statements which are introduced solely for the purpose of proving that they were made as a predicate for later proof that they were false are not hearsay. *An-*

*derson v. United States*, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974). The challenged letter was introduced as a prelude to the introduction of Moore's confession in which he admitted the falsity of the letter's contents. The letter was properly admitted and the evidence supports the convictions.

AFFIRMED.