Pat S. HOLLOWAY, Plaintiff-Appellant,

v.

Judge Dee Brown WALKER, et al., Defendants-Appellees.

No. 85–1289.

United States Court of Appeals, Fifth Circuit.

May 30, 1986.

Rehearing En Banc Denied June 4, 1986.

J. Bruce Bennett, Reynolds, Allen & Cook, Joe H. Reynolds, Houston, Tex., for plaintiff-appellant.

Robert H. Frost, Thomas V. Murto, III, Dallas, Tex., for Browning, et al.

Bruce W. Claycombe, Dallas, Tex., Kenneth L. King, for Judge Dee Brown Walker.

Robert Goldberg, Roderic C. Steakley, Dallas, Tex., Dorothea L. Vidal, for defendants-appellees.

Jim E. Cowles, Dallas, Tex., R. Brent Cooper, Michael W. Huddleston, Judith H. Winston, for Kelsoe.

J.R. Hurt, Dallas, Tex., pro se.

James Kronzer, Edwin E. Wright, Houston, Tex., for Ayres.

Whitley R. Sessions, Dallas, Tex., pro se.

Earl Luna, Dallas, Tex., Mary Milford, for Wright.

Before CLARK, Chief Judge, POLITZ, and WILLIAMS, Circuit Judges.

## ON PETITION FOR REHEARING

(Opinion March 19, 1986, 5th Cir.1986, 784 F.2d 1287)

CLARK, Chief Judge:

In his petition for rehearing, appellant Holloway cites authority from several circuits conflicting with the decisions rendered by this court in the present case and in *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). In *Bretz v. Kelmon*, 773 F.2d 1026, 1027 (9th Cir.1985) (en banc), the plaintiff alleged that police, prosecutors and various personal enemies conspired to falsely accuse and prosecute him for burglary. The court found that *Parratt/Hudson* did not bar the plaintiff's claim for three reasons. First, the court stated that *Parratt* [*v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)] only applies to minor deprivations of liberty or property. Second, the court found that a conspiracy, by definition, cannot be a "random" act within the meaning of *Parratt*. Third, the court concluded that *Logan*, [*v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)], rather than *Parratt*, controls when a plaintiff challenges a "direct abuse of the state process itself." *Id.* at 1031.

■ We do not agree with the reasoning of the *Bretz* court. Nothing in *Parratt* or *Hudson* suggests that the holdings of these cases are confined to minor deprivations of liberty or property. If the Supreme Court intended these cases to announce a constitutional rule of lex non curat de minimis, it would have said so. *Compare Nickens v. White*, 536 F.2d 802, 803 (8th Cir.1976) (prisoner's property interest in an office supply catalogue was so minor that confiscation of the catalogue did not implicate his due process rights).

■ The Ninth Circuit's conclusion that a conspiracy cannot be a random act is also unpersuasive. From the point of view of the state a conspiracy among its employees can indeed be a random act if the state cannot anticipate or control such conduct in advance. *See Hudson v. Palmer*, 468 U.S. 517, ——, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). Of course, a conspiracy is not random from the point of view of the conspirators but this is to say no more than that a conspiracy is an intentional act, rather than a negligent one. The effect of the Ninth Circuit's holding is to revive the intentional/negligent act distinction, rejected in *Hudson*, in another form.

■ Finally, we decline to follow the view of the Ninth Circuit that *Logan* extends to an illegal conspiracy case. *Logan* did not involve abuse of an established state procedure but rather the operation of an inadequate state procedure. Put another way, Logan was deprived of due process not because the Commission illegally delayed in acting on his claim but because the established state procedure failed to provide Logan with a remedy to correct the Commission's illegal delay in acting. By contrast, in *Bretz*, as well as in the present case, the plaintiffs had adequate appellate remedies to correct the deprivations caused by the illegal acts of the conspiring parties.

Holloway also cites *Patterson v. Coughlin*, 761 F.2d 886 (2d Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986), which involved a prisoner who was charged with assault and interference with an employee. Prison officials held a hearing to consider the charges but, in contravention of state law, did not allow the prisoner to call any witnesses. The

Court of Appeals reversed the district court's dismissal of Patterson's suit against various prison officials for failure to provide him with a constitutionally adequate predeprivation hearing. The district court had reasoned that because established state procedure provided for such a hearing but was allegedly not followed, no meaningful predeprivation hearing was possible. In reversing, the Court of Appeals reasoned that official conduct could violate a due process liberty interest and that such conduct was actionable under § 1983. The Court rejected the applicability of *Parratt/Hudson* to the case before them holding that whether conduct of a state official was "random" or "unauthorized" for *Parratt/Hudson* purposes must be "viewed from the position of one who possesses the state-delegated authority to grant a hearing when circumstances and the Constitution so require." *Id.* 106 S.Ct. at 892. Since the officials with the power to give Patterson a constitutionally adequate hearing had failed to do so, the Second Circuit found *Parratt/Hudson* inapplicable.

The difficulty with this position is that in *Hudson,* the Supreme Court expressly rejected a similar argument:

> [Respondent] contends that, because an agent of the state who intends to deprive a person of his property *"can* provide predeprivation process, then as a matter of due process he must do so." ... This argument reflects a fundamental misunderstanding of *Parratt.* There we held that postdeprivation procedures satisfy due process because the *state* cannot possibly know in advance of a negligent deprivation of property. Whether an individual employee himself is able to foresee a deprivation is simply of no consequence. The controlling inquiry is solely whether the state is in a position to provide for predeprivation process.

468 U.S. at ——, 104 S.Ct. at 3204.

The ability of the individual state employee to provide predeprivation process does not determine whether a due process violation has taken place. When state procedures provide due process and are violated by a random or unauthorized act of a state employee, even a high-ranking state employee, *Parratt/Hudson* establishes that no federal constitutional due process violation has occurred.

While we recognize that the due process clause "requires more than the mere *promulgation* of laws and regulations which, if followed, would preserve the most fundamental of rights," *Patterson, supra,* 761 F.2d at 891, we are not persuaded that this fact requires confining *Parratt/Hudson* to the actions of low level state employees who lack the power to grant a hearing. If laws and regulations providing due process exist in theory but are systematically ignored in fact then clearly a deprivation of liberty or property, though technically unauthorized by these laws, would not be "random." On the other hand, if the state system, by procedure and in ordinary practice, does in fact provide the plaintiff with due process, no violation of the guarantee contained in the national constitution occurs merely because the official who randomly deprives him of liberty or property without the hearing required by state law has the power to grant such a hearing. In the case at bar, of course, there is no evidence or even suggestion that Texas has merely promulgated rules against judicial bias and conspiracy but in fact condones such behavior; rather, it is clear that any violation of these rules by a Texas judge would be a random act.

Holloway also relies on *Wolfenbarger v. Williams,* 774 F.2d 358 (10th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986). In that case the court found that the district attorney of Commanche County in Oklahoma had established a department-wide policy of summarily seizing allegedly stolen property and of returning this property to the alleged true owner without a hearing. This policy violated established state procedure but the court found that *Parratt/Hudson* did not bar an action by a pawnshop owner for deprivation of property without due process. The court held that a deprivation

of property pursuant to a local policy could violate due process even though the policy was contrary to a state law comporting with the requirements of due process. *Id.* at 365. *See Gregory v. Town of Pittsfield,* —— U.S. ——, ——, 105 S.Ct. 1380, 1382, 84 L.Ed.2d 399 (1985) (O'Connor, J., with whom Brennan, J., and Marshall, J., join dissenting from denial of certiorari) (questioning whether a municipal policy denying constitutionally required procedures comports with the Constitution merely because the policy is contrary to state law).

The *Wolfenbarger* opinion elicited a strong dissent from Judge Seth, who pointed out that from the point of view of the state the actions of the district attorney were random and unauthorized. Since the state was unable to prevent "a public employee [from] directing action contrary to state law in a random way," Judge Seth argued that *Parratt/Hudson* properly applied. *Wolfenbarger, supra,* 774 F.2d at 367 (Seth, J., dissenting).

It is unnecessary for us to consider *Wolfenbarger's* applicability in this circuit for if we agree with the majority view, the result reached in the present case would remain unchanged. By no stretch of the imagination can Judge Walker's alleged conspiracy with the opposing litigants be considered a "policy" of any kind. *Wolfenbarger* does not support Holloway's position.

The other cases relied upon by Holloway are inapposite. For example, *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), although factually similar to the case at bar, antedated the *Parratt/Hudson* rule entirely and discussed only the issue of whether private parties who conspired with an immune state court judge had acted "under color of state law." Of even less relevance is *Cleveland Board of Education v. Loudermill,* —— U.S. ——, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), which dealt with the question of what predeprivation process is due a public employee who may be terminated only for cause. It was the "established state procedure" itself that was challenged in *Loudermill* and

thus the *Parratt/Hudson* rule, which was not mentioned by either the majority or the dissent, clearly did not apply.

■ Where a state system as a whole provides due process of law, federal constitutional guarantees are not breached merely because some state employee, even a highly-placed one, might engage in tortious conduct, either intentionally or negligently. To avoid such needless federal interference and thereby to preserve the balance between the state and federal courts is the important purpose served by the *Parratt/Hudson* doctrine. Logic and prior precedent of this circuit require that we give *Parratt/Hudson* a reading broad enough to effectuate this important purpose. Therefore, we decline to adopt the restrictive interpretations urged by plaintiffs. The petition for rehearing is

DENIED.