**Fonzie O. MARTIN, Plaintiff-Appellant,**

v.

**DALLAS COUNTY, TEXAS, Bill Long, A. Ramirez, and Don Byrd, Defendants-Appellees.**

No. 87–1051
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 28, 1987.
Rehearing Denied Aug. 27, 1987.

Douglas R. Larson, Larson & Trantham, Dallas, Tex., for plaintiff-appellant.

Peter L. Harlan, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The district court granted summary judgment to the defendants on appellant's § 1983 claim that he was held in jail 3½ weeks longer than he should have been for a DWI sentence. We affirm in part and remand in part on somewhat different grounds than those used by the district court.

On March 26, 1984, plaintiff pleaded guilty to the crime of driving while intoxicated and received a probated five-year sentence requiring that he serve 30 days in the Dallas County jail and pay a $500 fine at the rate of $15 per month. The court gave credit for time previously served against the 30 day sentence, which entitled plaintiff to be released on April 24. Plaintiff was not released until May 19, 1984. His lawsuit alleged somewhat inelegantly that he was "negligently and maliciously" deprived of his right to freedom from illegal incarceration because of poverty, freedom from unlawful arrest, and freedom from detention secured by the fourth amendment and the due process clauses of the fifth and fourteenth amendments. Defendants included Dallas County; Bill Long, the Dallas County District Clerk; "A. Ramirez," an employee in the clerk's office; and Donald Byrd, Dallas County Sheriff. Service was never made on Byrd, so he never appeared. Although the county originally appeared and answered on behalf of A. Ramirez, it later discovered that she no longer worked for the district clerk. The county moved to withdraw its appearance on behalf of Ramirez, who had not been properly served. This motion was not ruled upon by the district court.

The defendants Dallas County and Long filed a summary judgment motion supported by numerous affidavits describing the county's policy for keeping track of offenders' sentences and releasing them accordingly. Long's affidavit denied that he participated, approved or acquiesced in Martin's wrongful detention. Martin filed no controverting evidence,[1] and summary judgment was granted to Dallas County and Long. In an apparent oversight or

---

1. Martin contends that the district court erred in refusing to allow him to conduct discovery of the individual defendants pending resolution of their claims for immunity. The trial court, however, resolved this case as a matter of law and not on the basis of summary judgment evidence.

outpouring of generosity to the other named defendants, the district court also awarded summary judgment to Ramirez and Byrd.

The district court's action is premised on its approval of the defendants' analysis that Martin's wrongful incarceration constituted a deprivation of liberty without due process of law. This theory may be inferred from Martin's complaint. Whether such deprivation came about intentionally or negligently, both of which allegations are found in the complaint, this aspect of the case falls within the ambit of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). *Parratt* and *Hudson* hold that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct. *Parratt*, 451 U.S. at 543, 101 S.Ct. at 1917; *Hudson*, 468 U.S. at 533, 104 S.Ct. at 3204. In *Holloway v. Walker*, 784 F.2d 1287 (5th Cir.1986), this court applied the *Paratt/Hudson* doctrine to an alleged conspiracy between a state court judge and private parties to "fix" a civil suit and deprive the plaintiff of his property. Holding that no § 1983 claim had been stated, this court found the Texas court system provided an adequate post-deprivation remedy through the right of appeal to restore any wrongfully taken property. On rehearing, this court held that:

> Where a state system as a whole provides due process of law, federal constitutional guarantees are not breached merely because some state employee, even a highly-placed one, might engage in tortious conduct, either intentionally or negligently. To avoid such needless federal interference and thereby to preserve the balance between the state and federal courts is the important purpose served by the *Paratt/Hudson* doctrine. Logic and prior precedent of this circuit require that we give *Paratt/Hudson* a

reading broad enough to effectuate this important purpose.

*Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir.1986).

Texas law afforded Martin remedies against his illegal detention both while it was underway and for post-deprivation compensatory relief. Martin could have sought habeas corpus relief pursuant to Tex.Crim.Proc.Code Ann. art. 11.01 or tort recovery for false imprisonment. *Workman v. Freeman*, 155 Tex. 474, 289 S.W.2d 910, 913 (1956); *Whirl v. Kern*, 407 F.2d 781, 793 (5th Cir.1968), *cert. denied*, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969). The district court's analysis, essentially summarized here, was correct as far as it goes. Unfortunately, it does not go far enough.

Martin's complaint, fairly read, also includes allegations that he was deprived of his substantive right to be free from illegal incarceration by the state, as guaranteed by the fourth, fifth, and fourteenth amendments. Violation of a substantive, as opposed to a procedural due process, constitutional right does not fall within the limitations of *Paratt/Hudson*. *Augustine v. Doe*, 740 F.2d 322, 326–27 (5th Cir.1984) (quoting *Hudson v. Palmer*, 468 U.S. at 541 n. 4, 104 S.Ct. at 3208 n. 4 (Stevens, J., concurring in part)). Because the court did not render summary judgment on this aspect of appellant's claim, we remand for further proceedings against Dallas County. We note, however, that the defendant will not be liable for Martin's extended incarceration if it was shown to be the product of negligent rather than intentional conduct. *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The magistrate entered an order preventing discovery by Martin because of the pendency of claims for qualified immunity. Insofar as this order stymied the development of any case Martin may have against Dallas County, it is reversed. The protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting all discovery

against all non-immune defendants in his case.

■ The summary judgment in favor of district clerk Long can be affirmed on the basis of his qualified immunity. In this circuit, a plaintiff must allege specific facts to support a violation of his constitutional rights by a named defendant to overcome a defense of qualified immunity. *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir.1985). Such allegations are a minimum predicate for the commencement of discovery against defendants who may claim absolute or qualified immunity. *Jacques v. Procunier*, 801 F.2d 789 (5th Cir.1986). Paraphrasing *Jacques*, no where in this pleading does the plaintiff cite any conduct, or specific omissions, that would causally link Long to his continued incarceration. *See Jacques*, 801 F.2d at 793. Long's affidavit demonstrates that he was not personally involved in Martin's case in any way. Having scrutinized Martin's pleadings with the utmost care, we do not find it possible for him to escape the fact that Long did not prolong his incarceration, and no amount of generalized pleading about "intentional" or "malicious" conduct can escape the force of *Elliott* and *Jacques*. Consequently, we AFFIRM summary judgment in favor of Long.

The results of our analysis should be summarized. We REVERSE summary judgment in favor of Dallas County, and REMAND for further proceedings. In particular, Martin may undertake discovery against Dallas County. We AFFIRM summary judgment in favor of Long. We VACATE the judgments entered in favor of Ramirez and Byrd, who, the record shows, were not present or represented in these proceedings. We REMAND for further action by the trial court not inconsistent herewith.

AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.