**Curtis W. CAINE, Jr., M.D., Plaintiff,**

v.

**M.D. HARDY, M.D., Woodie L. Mason, M.D., et al., Defendants.**

**Civ. A. No. J89–0064(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 14, 1989.

Paul M. Neville, Jackson, Miss., for plaintiff.

George Q. Evans, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause comes before the Court on the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiff's Motion for Leave to Amend Complaint. Defendants argue that the Amended Complaint fails to state a claim upon which relief can be granted. For the reasons enumerated below, the Court holds that the Defendants' Motion to Dismiss should be granted and the Plaintiff's Motion for Leave to Amend Complaint should be denied.

### I.

#### FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff in this action, Curtis W. Caine, Jr., M.D. ("Caine"), alleges that he was a licensed physician practicing anesthesiology at Hinds General Hospital from 1983 until April, 1988, when his privileges at the hospital were suspended. The procedures used in the suspension of his privileges are the central focus of this lawsuit. Caine alleges that the suspension was conducted in violation of the Medical Staff By-laws, Rules and Regulations of Hinds General Hospital, of 42 U.S.C. § 1983, and of the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101, *et seq.* In particular, Caine alleges that the suspension of his privileges at Hinds General Hospital violated his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution based on the alleged denial of adequate notice of the charges brought against him and denial of an opportunity to be heard fully on those charges prior to the suspension of his hospital privileges. Caine also asserts that the various committees of the Hinds General Hospital medical staff who reviewed the charges were biased and prejudiced against him.

The Defendants named in this action are: Hinds General Hospital ("Hinds General"), members of its Board of Trustees, members of the Hinds General medical staff Executive Committee, members of certain medical staff ad-hoc committees, and the hospital administrator at Hinds General. Hinds General is a Mississippi community hospital established pursuant to Miss.Code Ann. § 41–13–15, *et seq.* (Cum.Supp.1988), and thus a local government institution. Caine concedes that all individual Defendants were acting in their official capacities

as officials, employees, or agents of Hinds General.

The Defendants have moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint and the proposed Amended Complaint fail to state a claim upon which relief can be granted. Alternatively, the Defendants urge the Court to grant summary judgment in their favor.

## II.

### CONCLUSIONS OF LAW

■ Hinds General Hospital is a local government institution and the individual Defendants in this lawsuit were acting as local governmental officials, agents or employees of Hinds General. Thus, the Court finds that the individual Defendants were acting "under color of state law" for the purposes of establishing section 1983 liability. However, although Plaintiff has alleged action under color of state law, the Court holds that the Defendants' acts do not subject them to liability under section 1983.

### A. DUE PROCESS CLAIM

The gravamen of Caine's Complaint is his allegation that he was denied procedural due process in the suspension of his staff privileges at Hinds General. In *Schuster v. Martin,* Civil Action No. J88-0043(B), *aff'd.* 861 F.2d 1369 (5th Cir.1988), this Court relied upon the ruling of the Court of Appeals for the Fifth Circuit in *Martin v. Dallas County, Texas,* 822 F.2d 553 (5th Cir.1987) that: "[N]o constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property ... unless [state law] fails to afford an adequate post-deprivation remedy for their conduct." *Id.* at 555.

Here, as in *Schuster,* Caine has failed to allege that state law affords him with an inadequate post-deprivation remedy for the suspension of his privileges at Hinds General. Thus, the central consideration before the Court in this action is whether Caine had available adequate post-depriva-

tion remedies which afforded him due process.

Mississippi's statutory scheme governing hospital peer review actions provides considerable protection to disciplined physicians while at the same time allowing hospitals to protect the interests of their patients. A hospital's authority to suspend privileges of a physician is found in Miss. Code Ann. § 73–25–93(1). Aggrieved physicians are provided a right of judicial appeal from adverse privilege actions by virtue of Miss.Code Ann. § 73–25–95 which provides:

> Any person against whom disciplinary action is taken pursuant to Sections 73–25–81 to 73–25–95 shall have the right to judicial appeal as provided in Section 73–25–27 relating to judicial appeal of Board decisions.

Under this section, Dr. Caine was entitled to appeal the action taken by the board of trustees to the Chancery Court just as if he were appealing from a decision of the state Board of Medical Licensure. Appeals from the Board of Medical Licensure are described in § 73–25–27 as follows:

> The decision of the Board of Medical Licensure [hospital Board of Trustees] revoking or suspending the license [privileges] shall become final thirty (30) days after so mailed or served unless within said period the licentiate [staff physician] appeals the decision to the Chancery Court, pursuant to the provisions hereof, and the proceedings in Chancery Court shall be conducted as other matters coming before the Court. All proceedings and evidence, together with exhibits, presented at such hearing before the Board of Medical Licensure in the event of appeal shall be admissible in evidence in said Court.

Under this statutory scheme, there is no question that Dr. Caine had the right to appeal the adverse action taken against him by the hospital board of trustees to the Chancery Court. *E.g., State Bd. of Psych. Examiners v. Coxe,* 355 So.2d 669 (Miss. 1978). Had he appealed to that court under state law, the Chancery Court could have reviewed both the procedure em-

ployed and reasons for the suspension of Dr. Caine's privileges and ensured that Dr. Caine's rights were protected. Under that Court's general equity powers, appropriate injunctions and other equitable relief could have been entered as well.

■ By providing the right of appeal to Chancery Court, the state has assured that the system as a whole comports with the due process clause of the Fourteenth Amendment. Caine's allegations that the hospital failed to follow its by-laws is not a question properly before this Court. That question should have been raised before the state chancery court. As the Fifth Circuit stated in *Holloway v. Walker,* 790 F.2d 1170 (5th Cir.1986): "[I]f the state system ... does in fact provide the plaintiff with due process, no violation of the guarantee contained in the national constitution occurs merely because the official who randomly deprives him of liberty or property without the hearing required by state law has the power to grant such a hearing." *Id.* at 1173.

In the face of adequate post-deprivation remedies under state law, this Court is of the opinion that there can be no violation of Caine's procedural due process rights. The Fifth Circuit implicitly agreed in *Schuster,* when it stated that: "[T]he district court's conclusion ... that as a matter of law there could be no procedural due process violation since Mississippi provides adequate post-deprivation procedures, appears to be sound." *Id.* at 1374 n. 11. Thus, Plaintiff has failed to state a claim for violation of his rights of procedural due process under 42 U.S.C. § 1983. Likewise, he has failed to state a claim for attorney's fees under 42 U.S.C. § 1988.

■ Caine next asserts that the 30-day period for appeal to the Chancery Court found in Miss.Code Ann. § 73-25-27 (Cum. Supp.1988) unreasonably truncates the time within which Caine may file an action challenging the suspension of his medical privileges and thus violates the Supremacy Clause of Article VI of the United States Constitution. The Court holds that the 30-day time frame set forth in § 73-25-27 is not properly characterized as a statute of limitations. Rather, § 73-25-27 merely prescribes the period within which one may

appeal the revocation or suspension of his license or medical privileges to the Chancery Court. Caine's challenge to the time period set out in the statutes is not well taken.

In this vein, § 73-25-27 is analogous to numerous other time periods set by Mississippi law, such as the period for appealing decisions of the Mississippi Workers' Compensation Commission, Miss.Code Ann. § 71-3-51 (1972), or for appealing Mississippi Chancery and Circuit Court judgments, Miss.R.Sup.Ct. 4. The Court discerns no constitutional flaw in the 30-day period provided in these various statutes nor in the 30-day period set forth in § 73-25-27.

■ The Court also discounts Caine's suggestion that § 73-25-27 unconstitutionally denies him a right to trial by jury and to recover his attorney's fees. There is no constitutional guarantee of a right to a jury trial in civil cases nor to the recovery of attorney's fees. These issues are not well taken. In addition, the issue of due process *vel non* raised in this case would in all likelihood be considered a question of law for the Court, thereby eliminating the need for any jury.

## B. FIRST AMENDMENT CLAIM

In his proposed Amended Complaint, Caine adds a First Amendment claim, apparently based on his belief that such a claim would lead inexorably to the conclusion that he has stated a valid section 1983 claim. In considering his proposed Amended Complaint, the Court holds that Caine has failed to state a violation of his First Amendment rights connected with the alleged improper suspension of his privileges at Hinds General.

■ Even assuming, *arguendo,* that Caine's suspension was in some manner related to his opposition to Defendant M.D. Hardy in an election for chief of the medical staff Anesthesia Department and to Caine's opposition to the proposed exclusive contract between Hardy's partnership and Hinds General for anesthesia services, Caine has failed to establish that the speech involved was a matter of public concern. *See Mount Healthy City School*

*District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Bowman v. Pulaski County Special School District*, 723 F.2d 640 (8th Cir. 1983); *Harris v. Arizona Bd. of Regents*, 528 F.Supp. 987, 999 (D.Ariz.1981).

Furthermore, Caine has failed to identify any hospital policy which adversely affected his First Amendment rights. From the record placed before the Court, it appears that Caine's criticism of and opposition to Defendant M.D. Hardy were personal in nature and not a matter of public concern. *See Herrington v. Mississippi Regional Medical Center*, 512 F.Supp. 1317, 1320–21 (S.D.Miss.1981). Thus, in his proposed Amended Complaint, Caine has failed to state a claim upon which relief can be granted for any violation of his First Amendment rights.

■ Finding that the Amended Complaint fails to state a claim upon which relief can be granted, the Court exercises its discretion pursuant to Federal Rule of Civil Procedure 15(a) to deny Caine's Motion for Leave to Amend Complaint. Numerous courts have ruled that leave to amend is properly denied when the complaint, as amended, is subject to dismissal. *See, e.g., Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.1983); *Bache Halsey Stuart Shields Inc. v. Tracy Collins Bank & Trust Co.*, 558 F.Supp. 1042 (D.Utah 1983).

## C. THE HEALTH CARE QUALITY IMPROVEMENT ACT

Caine also alleges a cause of action under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101, *et seq.* The Health Care Quality Improvement Act was not intended to supplant or modify existing state procedures. *See Gill v. Mercy Hospital*, 199 Cal.App.3d 889, 245 Cal.Rptr. 304, 312 (1988). The Health Care Quality Improvement Act "establishes a national clearing house of medical peer review and malpractice information and provides qualified immunity from certain federal and state laws for peer review actions taken in good faith." *Id.*

■ The Health Care Quality Improvement Act was not intended to replace existing procedural safeguards already in place at public hospitals nor provide a disciplined physician with a private cause of action. Rather, the Act is intended to establish certain criteria by which to determine whether procedural safeguards adopted for peer review of health professionals are sufficient to cloak the individuals acting pursuant to those procedures with the immunity provided by the Act.

The Defendants in this action might use the Health Care Quality Improvement Act to claim immunity from this suit. The introductory language of the Health Care Quality Improvement Act clearly suggests that the purpose of Congress in enacting the statute was to address the "overriding national need to provide incentive and protection for physicians engaging in effective professional peer review." 42 U.S.C. § 11101(5).

## D. CONCLUSION

It is clear from the face of the Complaint and the proposed Amended Complaint that Caine's claims are related primarily to procedural due process. The Court concludes that there has been no procedural due process violation in this case. Accordingly, the Court holds that the Defendants' Motion to Dismiss is well taken and should be granted. Insofar as Plaintiff's Amended Complaint also fails to state a claim upon which relief can be granted, Plaintiff's Motion for Leave to Amend Complaint will be denied.

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss is granted and that the Plaintiff's Complaint is dismissed with prejudice. A separate judgment will be entered in accordance with the requirements of Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Leave to Amend Complaint is denied.

SO ORDERED.