**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 95-40123

(Summary Calendar)
_____


LUCRECIA LYNN MONROE,

                              Plaintiff-Appellant,

versus

T. WARNER, ET AL.,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-742)
_____

(June 1, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Pursuant to 42 U.S.C. § 1983 (1988), Lucrecia Lynn Monroe sued various employees of the Texas Department of Criminal Justice ("TDCJ") and various officials of the Texas state courts for civil rights violations. The district court determined that her claims were frivolous and dismissed her complaint. We affirm.

**I**

_____

     [*]     Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Monroe, an inmate of the TDCJ, stated in her § 1983 complaint that the State of Texas had filed a forfeiture action against her.[1] The notice of forfeiture had informed her that state law required her to respond before the Monday following the twentieth day after the date of service; otherwise, she would face a default judgment. Another inmate, Willie Ray McDonald, had assisted Monroe in preparing her answer and delivered it to the mailroom to be sent to the state court. Monroe's answer was mailed eight days after McDonald delivered it to the mailroom. McDonald later filed a grievance, contending that the mailroom employees had interfered with Monroe's access to the courts by delaying her mailing.

According to Monroe's allegations in her § 1983 complaint, the state court granted the State a default judgment on the same day her answer was received, and the State seized $429.30, a typewriter, and other property belonging to Monroe. McDonald prepared a notice of appeal and a motion to set aside the judgment on Monroe's behalf. The prison warden, T. Warner, explained to McDonald that the prison's regulations required that Monroe submit her own court documents to the mailroom for mailing to the state court.

Monroe filed this in forma pauperis § 1983 suit against various prison mailroom employees and the warden (the "prison defendants"), alleging that they had interfered with her access to the courts. Monroe also sued the state court judge, the

---

[1] The purpose of the action was to satisfy a restitution requirement that arose out of her involvement in a mail fraud scheme.

prosecutors, and the court clerks connected with the forfeiture action (collectively, the "courthouse defendants"), contending that because the mail fraud scheme in which Monroe allegedly had participated was not a proper basis for a forfeiture action, the courthouse defendants had conspired to seize her property. She also alleged that the prison mailroom employees had conspired with the courthouse defendants to deprive her of her property.

A magistrate judge recommended that the district court dismiss Monroe's § 1983 claims against the prison defendants as frivolous under 28 U.S.C. § 1915(d) (1988) and dismiss the claims against the courthouse defendants under 28 U.S.C. § 1406 (1988).[2] The district court adopted the magistrate's recommendations and dismissed Monroe's complaint with prejudice.

Five days before the district court dismissed her § 1983 suit, Monroe mailed an amended complaint to the court. In that complaint, she alleged that the prison defendants had denied her right of access to the courts, that they had denied her due process by failing to follow prison mail rules, that the courthouse defendants had denied her due process by failing to give her the notice allegedly required by state law once she had filed her answer, and that the prison defendants and courthouse defendants had conspired to deprive her of her property. The amended

---

[2] The magistrate judge concluded that, under § 1406, which governs actions filed in the wrong district, Monroe should not have sued the courthouse defendants in the Eastern District of Texas, but should have sued them in the Southern District of Texas. Although § 1406 permits transfer to another district, the magistrate judge recommended dismissal rather than transfer because Monroe's claims were frivolous.

complaint was filed five days after the district court dismissed Monroe's suit.  Monroe appeals the dismissal.

## II

Monroe argues that the district court should have considered her amended complaint before dismissing her suit.[3]  "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  Fed. R. Civ. P. 15(a).  After a dismissal, however, a plaintiff may amend her complaint with leave of court only if the district court dismissed the complaint and not the entire action.  *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992).  In contrast, "[a] district court's order dismissing a complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible))e.g., when the complaint is dismissed with prejudice . . . ."  *Id.*  In such cases, the dismissal terminates the right to amend.  *Id.*  Accordingly, the district court's dismissal of Monroe's complaint with prejudice terminated both the action and her right to amend her complaint.

Monroe also contends that the district court should not have dismissed her original claims against the prison defendants pursuant to § 1915(d) nor her original claims against the courthouse defendants pursuant to § 1406.  Under § 1915(d), a district court may dismiss an in forma pauperis complaint as frivolous if it "`lacks an arguable basis either in law or in

---

[3]    We construe liberally the briefs of pro se appellants. *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

fact.'" *Denton v. Hernandez*, 504 U.S. 25, ___, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989)). We review § 1915(d) dismissals for abuse of discretion. *Id.* at 1734. Under § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). We also review § 1406 dismissals for abuse of discretion. *Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976). A district court abuses its discretion in dismissing for frivolousness if amendment could cure the complaint of its frivolousness. *Denton*, 504 U.S. at ___, 112 S. Ct. at 1734; *Eason v. Thaler*, 14 F.3d 8,9 (5th Cir. 1994); *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992). Consequently, we consider whether amendment would have cured the frivolousness of Monroe's complaint.

Monroe argues that she could have amended her complaint to allege that the courthouse defendants had deprived her of her property in violation of the Due Process Clause by failing to give her an opportunity to be heard. However, "no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by . . . intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County*, 822 F.2d 553, 555 (5th Cir. 1987). Monroe does not contend that

the courthouse defendants acted under state procedures; indeed, she argues that they violated state law. Accordingly, we determine whether state law afforded an adequate postdeprivation remedy.

A defendant in Texas state court may appeal a default judgment on the grounds that she filed an answer. *See Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) ("A default judgment may not be rendered after the defendant has filed an answer."). The state court docket indicates that Monroe has filed a notice of appeal in the forfeiture action. Moreover, a Texas prisoner may file a damages action in state court for the deprivation of property. *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S. Ct. 248, 78 L. Ed. 2d 236 (1983). Consequently, Monroe has adequate postdeprivation remedies under state law, and therefore no due process violation occurred.[4]

Monroe also contends that she could have amended her complaint to allege that, because she was not informed of when the district court intended to grant a default judgment, the prison defendants denied her right of access to the courts. "[A] cause of action may be stated under 42 U.S.C. § 1983 for prison officials' intentional withholding of mail destined for the courts, where it is also alleged that the intentional delay damaged the prisoner's legal

---

[4]     Monroe also asserts that the courthouse defendants' alleged failure to follow state forfeiture law in and of itself establishes a due process violation independent of the deprivation of an opportunity to be heard. However, "unless the [violation of state law] trespasses on federal constitutional safeguards, there is no constitutional deprivation." *Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir.), *cert. denied*, 474 U.S. 1034, 106 S. Ct. 599, 88 L. Ed. 2d 578 (1985). Because Monroe has adequate safeguards as stated above, the alleged failure to follow state law does not establish an independent constitutional violation.

-6-

position." *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988); *see also Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.) ("A denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation."), *cert. denied*, ___ U.S. ___, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). Monroe contends that her answer as submitted to the state court arrived in time and entitled her under state law to notice of the judgment applied against her.[5] Accordingly, Monroe does not make a *Richardson* claim, and thus this claim was properly dismissed as frivolous.

Monroe next argues that she could have amended her complaint to state a due process claim based on the prison defendants' failure to follow mailroom rules. Failure to follow prison regulations does not automatically constitute a violation of constitutional magnitude. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). As we have already discussed, *see supra* note 4, Monroe has adequate state law remedies for the alleged deprivation of property. Consequently, the mailroom defendants' alleged violation of mailroom rules does not state an independent constitutional violation.

---

[5] Monroe cites "Texas R. Civ. P. 55(b)(2)" for the proposition that a defendant who files an answer is entitled to three days' written notice of the application for default judgment. We have found no such provision in Texas law. We note that the *Federal* Rules of Civil Procedure provide for such notice. *See* Fed. R. Civ. P. 55(b)(2) (requiring written notice of the application for default judgment at least three days prior to the hearing on such application). *Texas* law, however, provides for specific notice only of the rendering of default judgment. *See* Tex. R. Civ. P. Ann. r. 239a (West Supp. 1995). Otherwise under Texas law, a defendant who has entered an appearance by filing an answer has only a general due process right to notice of the default judgment hearing. *LBL Oil Co. v. International Power Servs.*, 777 S.W.2d 390, 390-91 (Tex. 1989).

Lastly, Monroe asserts that she could have amended her complaint to state a claim against the prison defendants and the courtroom defendants for conspiring to deprive her of her property. Because any alleged deprivation of property did not constitute a constitutionally cognizable claim, any alleged conspiracy to cause that deprivation also did not rise to the level of a constitutional violation.

In short, Monroe could not have amended her complaint to contain any constitutional claim that has an arguable basis in law. Thus, the district court did not abuse its discretion when it dismissed her suit with prejudice and without leave to amend.

**III**

For the foregoing reasons, we AFFIRM the district court's dismissal of Monroe's complaint with prejudice.[6]

---

[6] Claims lacking an arguable basis in law are properly dismissed with prejudice. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).