IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41435
Summary Calendar
_____

VINCENT LILLY,

Plaintiff-Appellant,

versus

CHUCK BISCOE Etc. ET AL.,

Defendants,

CHUCK BISCOE, Assistant Warden, Beto I;
DANNY HORTON, Assistant Warden, Beto I;
BOBBY WARREN, Assistant Regional Director,
Texas Department of Criminal Justice-Institutional Division;
M. TIMMONS, Classification Case Manager, Beto I,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-215
_____

July 31, 2001

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

    Vincent Lilly, Texas prisoner #467486, appeals the dismissal of his 42 U.S.C.

§ 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2)(B)(i) & (ii).  He contends that his due process rights were violated when he was not given the opportunity to be present at his custody reclassification hearing.  He missed three scheduled hearings; the first two were continued because of his absence.  A prison inmate does not have a protectable liberty or property interest in custodial classification hearings.[1]  Lilly therefore has not and cannot state a cognizable claim under 42 U.S.C. § 1983 on this basis.

Lilly invokes the eighth amendment and contends that prison officials were deliberately indifferent to his personal property because his return to medium custody allegedly resulted in the theft of his cell contents by prison gang members.  Unfortunately for Lilly, he has not and cannot state a claim under the eighth amendment for deliberate indifference to the security of his property.[2]  In addition, his claim fails because "[t]he Due Process Clause is not implicated by a state official's negligent act causing unintended loss of property, . . . and even intentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists."[3]  Texas provides adequate postdeprivation remedies.[4]  This claim also is not cognizable under 42 U.S.C. § 1983.

---

[1]Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992).

[2]Farmer v. Brennan, 511 U.S. 825 (1994).

[3]Simmons v. Poppell, 837 F.2d 1243 (5th Cir. 1988) (citing Daniels v. Williams, 474 U.S. 327 (1986), and Hudson v. Palmer, 468 U.S. 517 (1984)).

[4]Martin v. Dallas County, 822 F.2d 553 (5th Cir. 1987).

This appeal is frivolous and accordingly it is DISMISSED.  See 5th Cir. R. 42.2