**C. D. (Denny) ABBOTT, Plaintiff-Appellant,**

v.

**William F. THETFORD, Individually and in his official capacity as Judge of the Family Court of Montgomery County, Alabama (John W. Davis, III, substituted for William F. Thetford in his official capacity as Judge of the Family Court of Montgomery County, Alabama), Defendants-Appellees.**

**No. 73–1894.**

United States Court of Appeals, Fifth Circuit.

July 6, 1976.

---

5. The defendant had denied informing a councilman that a sum of money was "from Long Hauling." Since the defendant had actually identified the money as coming "from Long," not from the Long Hauling Company, his testimony was literally true, although unresponsive.

Howard A. Mandell, Montgomery, Ala., for plaintiff-appellant.

Neil Bradley, Laughlin McDonald, Morris Brown, Emily Carssow, Atlanta, Ga., for Tenn. Valley Unit of Ala. Chapter of Nat'l. Ass'n of Social Workers amicus curiae.

Jack Greenberg, James M. Nabrit, III, Ann Wagner, Norman J. Chachkin, New York City, for NAACP amicus curiae.

Richard H. Dorrough, Robert B. Stewart, Montgomery, Ala., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, DYER, MORGAN, CLARK, RONEY, GEE, TJOFLAT and HILL, Circuit Judges.*

PER CURIAM:

The majority panel opinion in this cause, 529 F.2d 695–702 is reversed, vacated and

* Judges Wisdom and Godbold did not participate in this decision.

set aside. The Court en banc adopts as its opinion the dissenting opinion of Judge Gewin, 529 F.2d 702–709 [from which the syllabus paragraphs are drawn]. Accordingly the judgment of the district court, 354 F.Supp. 1280 (M.D.Ala.1973) is AFFIRMED.

CLARK, Circuit Judge, specially concurring:

My concurrence rests on several factors not mentioned in the panel dissent which the en banc court today adopts. At oral argument, it became clear that, despite the literal language of his letter "discharging" Abbott, Judge Thetford's action only constituted a recommendation to the county commission, which actually discharged Abbott and which alone had the authority to order his reinstatement and the consequent removal of the person who had since replaced him. This, coupled with Abbott's failure to join the commission or its members as parties and the succession of Judge John W. Davis III to the office formerly held by Judge Thetford, means that, at most, the court below could only order the successor defendant, Judge Davis, to recommend to the county commission that it reconsider Abbott's discharge and disregard his predecessor's recommendation that he be replaced. Even such a questionable exercise of the "strong arm" of equity would grant a form of relief that Abbott's complaint never requested.

The panel majority, which the court en banc reverses, ordered the defendant Thetford to take actions which neither he nor his successor had any official capacity to effectuate. On the other hand, I see no need for the en banc court to reach the broader issues which the adoption of the panel dissent covers. Since Abbott's complaint sought relief from a former judicial officer who was entitled to an immunity from personal liability and whose successor could not control the relief sought, I am persuaded that the trial court properly dismissed the action and I concur in the result.

JOHN R. BROWN, Chief Judge, and GOLDBERG, Circuit Judge, dissenting:

We dissent from the en banc opinion for the reasons set forth in the majority panel opinion, 529 F.2d 695–702.