ELMORE ENTERPRISES d/b/a H & R Block, Appellant,

v.

Linda ALLEN, Appellee.

No. 9174.

Court of Appeals of Texas, Texarkana.

Oct. 4, 1983.

E. Lawrence Merriman, Nichols, Merriman, Patterson & Allison, Longview, for appellant.

Dwight Brannon, Gilmer, for appellee.

BLEIL, Justice.

Elmore Enterprises appeals an order refusing a temporary injunction. The issue before us is whether the trial court clearly abused its discretion. We find no abuse of discretion and affirm.

In 1971 Linda Allen signed a contract with Elmore Enterprises giving her an exclusive right to prepare tax returns and perform related services under the name of H & R Block in Gilmer. A part of the agreement provided that upon termination Allen would not continue a tax practice within one hundred miles of Gilmer for a period of three years. Another part provided that in the event Allen breached the agreement Elmore Enterprises would retain $300.00 as equitable liquidated damages.

In February, 1983, Allen quit using the name H & R Block and terminated her agreement. She continued a tax return preparation practice. Elmore then filed suit for an injunction and damages. A hearing was held to determine whether a temporary injunction should be issued in the case.

In reviewing the trial court's refusal to temporarily enjoin Allen we have no independent discretion and cannot substitute our judgment for that of the trial court. Our sole function is to determine whether there is a clear abuse of discretion by the trial court. *Texas Foundries v. International Moulders & Foundry Worker's Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). Initially, Elmore Enterprises must show by the pleadings and the evidence that it has a probable injury and a probable right to recover upon a final hearing. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953). Once probable injury and probable right on final hearing are shown, the court then uses its discretion to determine whether an injunction should issue. *State v. Markle*, 363 S.W.2d 332 (Tex.Civ.App.—Houston 1962, no writ). Four factors are considered in determining whether the court properly exercised its discretion in acting on a request for a temporary injunction: (1) irreparable harm to the plaintiff from failure to issue the injunction; (2) relative lack of harm to the defendant from the issuance of the injunction; (3) public interest; and, (4) probability that the plaintiff will ultimately succeed on the merits. *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir.1980).

No findings of fact and conclusions of law were requested or filed. Therefore, we presume all findings necessary to support the trial court's judgment and affirm if there is any legal theory sufficiently raised by the evidence to support it. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968). All necessary fact findings are implied in support of the judgment. We find sufficient evidence to support the findings implied in the trial court's judgment on any of several theories. Thus, we find no abuse of discretion.

We affirm the order refusing to grant a temporary injunction.