**PITTSBURGH–CORNING CORPORATION,**
**Appellant,**

v.

**Norman Barnett ASKEWE,**
**et al., Appellees.**

**No. 6–91–080–CV.**

Court of Appeals of Texas,
Texarkana.

Jan. 22, 1992.

Lee D. Thibodeaux, Weller, Wheelus & Green, Beaumont, for appellant.

Scott Baldwin, Jr., Baldwin & Baldwin, Marshall, William W. Kilgarlin, Popp & Ikard, Austin, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

### OPINION

GRANT, Justice.

Pittsburgh–Corning Corporation appeals from the granting of a temporary injunction that prevents them from pursuing an injunction in a Canadian court. The sole question on appeal in this case, as in a

previous appeal,[1] is whether the district court abused its discretion by enjoining the appellant from pursuing an injunction in a foreign court which would prevent the appellees from pursuing their Texas action. As before, we are again dealing with an anti-anti-suit proceeding. Because of the substantial identity between the facts involved in both appeals, we will provide only a synopsis of the facts in this opinion.

The underlying personal injury asbestosis suit was filed in the 71st District Court in Marshall in 1988. Plaintiffs (appellees) consisted of Canadians who are residents of British Columbia, Alberta, Manitoba, and New Brunswick. Pittsburgh–Corning Corporation is a manufacturer of asbestos products. All damages were alleged to have occurred in Canada.

On November 10, 1989, the appellant began a proceeding in a trial court of British Columbia seeking to enjoin the Canadian plaintiffs from pursuing their claims in a Texas court. The Canadian trial court granted this injunction on December 6, 1989, and the British Columbia Court of Appeals affirmed this action as to all *British Columbian plaintiffs* by written opinion on November 5, 1990.

During this time, on November 20, 1989, appellees' counsel had obtained a temporary restraining order from the Texas district court restraining the appellant from seeking similar injunctions in the other Canadian provinces. Immediately after the rendition of an opinion by the Canadian trial court, on December 7, 1989, counsel withdrew his application for an injunction in the Texas court.

On the day that the British Columbia Court of Appeals rendered judgment against appellee, November 5, 1990, appellees' counsel once again sought and obtained an *ex parte* temporary restraining order from the Texas district court preventing appellant from seeking similar injunctions in the Canadian courts of the provinces of residence of the remaining parties. After a hearing on November 19, 1990, the Texas court granted an injunction designed to prevent the appellant from pursuing any

further anti-suit injunctive remedy in any Canadian court.

Owens–Corning and a number of other defendants appealed from this ruling in *Owens–Illinois, Inc. v. Webb*, 809 S.W.2d 899 (Tex.App.–Texarkana 1991, writ dism'd w.o.j.).

## THE APPEAL IN THE PRESENT CASE

On May 31, 1991, the Texas court granted a temporary restraining order, followed by a temporary injunction on June 13, 1991, that was similarly designed to enjoin the appellant from pursuing any remedy in any Canadian court. This case differs from the prior case only in detail. The injunction is identical in effect, but protects a group of *additional* Canadian plaintiffs brought in after the ruling in the prior decision.

■ On appeal from the entry of a temporary injunction, the sole question for determination by this Court is whether the trial court abused its discretion by issuing the injunction. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the factors present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Appellant brings two arguments that were not raised in the previous case:

*1)* The district court erred as a matter of law by interpreting TEX.CIV.PRAC. & REM. CODE ANN. § 71.031 (Vernon 1986) in such a way as to violate the *Act of State* doctrine;

*2)* TEX.CIV.PRAC. & REM.CODE ANN. § 71.- 031 (Vernon 1986) is unconstitutional because it violates the *Separation of Powers* clause of the United States Constitution.

■ Appellant's argument based upon the *Act of State* doctrine is not supported by the authorities. The doctrine prevents

---

1. *Owens–Illinois, Inc. v. Webb*, 809 S.W.2d 899    (Tex.App.–Texarkana 1991, writ dism'd w.o.j.).

the courts of this country, both federal and state, from inquiring into the validity of governmental acts of a recognized foreign sovereign committed within its own territory. *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 427, 84 S.Ct. 923, 940, 11 L.Ed.2d 804, 823 (1964). The most recent authority cited to support their argument based upon that doctrine contains the following language:

> We find it unnecessary, however, to pursue those inquiries, since the factual predicate for application of the act of state doctrine does not exist. Nothing in the present suit requires the Court to declare invalid, and thus ineffective as "a rule of decision for the courts of this country," ... the official act of a foreign sovereign.
>
> In every case in which we have held the act of state doctrine applicable, the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory.
>
> . . . .
>
> The short of the matter is this: Courts in the United States have the power, and ordinarily the obligation, to decide cases and controversies properly presented to them. The act of state doctrine ... merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. That doctrine has no application to the present case because the validity of no foreign sovereign act is at issue.

*Kirkpatrick Inc. v. Environmental Tectonics*, 493 U.S. 400, 405, 409, 110 S.Ct. 701, 704, 707, 107 L.Ed.2d 816, 822, 825 (1990).

■ As pointed out in this court's previous opinion, the Texas district court did not attempt to enjoin any Canadian court or other Canadian governmental body from taking any action. Both the prior injunction and the present one are directed at corporate citizens of Texas. Additionally, the trial court did not attack the validity of any act by a foreign sovereign. This point of error is overruled.

■ Appellant next argues that TEX.CIV. PRAC. & REM.CODE ANN. § 71.031, as interpreted by the district court, is unconstitutional because it infringes upon the power of the federal executive branch to conduct foreign policy. They specifically contend that the act of the Texas district court infringes upon the executive branch's power to define the form of relationship between Canada and the United States.

If the district court had sought to enjoin an arm of the Canadian government, including the judiciary, from taking some action, this argument might have merit. However, it did not do so. Neither did it prevent the appellees from pursuing a substantive remedy in Canada. The district court merely protected its own jurisdiction by ordering United States citizens not to bring an action in a Canadian court to enjoin the litigants in its court from continuing their action in Texas.

As noted in *Laker Airways v. Sabena, Belgian World Airlines*, 731 F.2d 909, 927, 930–31 (D.C.Cir.1984):

> Courts have a duty to protect their legitimately conferred jurisdiction to the extent necessary to provide full justice to litigants.
>
> . . . .
>
> [T]he district court was threatened with a potential *fait accompli* by the appellants which would have virtually eliminated the court's effective jurisdiction over Laker's facially valid claim.... Thus, there was nothing improper in the district court's decision to enjoin appellants from seeking to participate in the English proceedings solely designed to rob the court of its jurisdiction.

The primary purpose of a trial court is to provide full justice to litigants. Protection of this right by anti-anti-suit injunction, under these facts, does not constitute interference with the act of a foreign sovereign. Neither does it interfere with the power of the United States executive branch to create foreign policy. There is also no suggestion of any particular foreign policy presently in place with which this suit

might interfere. This point of error is overruled.

In the remaining points of error, appellant repeats its arguments from the prior case that *comity* should prevent the action taken by the district court, and that the district court's interpretation and application of Section 71.031 creates an unnecessary conflict between Texas and Canadian law. These arguments were adequately addressed in our previous decision, and we adopt our ruling there. *See Owens–Illinois v. Webb*, 809 S.W.2d 899.

The question presented in the present case is whether the district court abused its discretion by granting an anti-anti-suit injunction. The actions of the trial court are supported by the law. Accordingly, we find that the court did not abuse its discretion by granting the injunction.

The judgment of the trial court is affirmed.