OWENS–CORNING FIBERGLAS CORPORATION, Pittsburgh–Corning Corporation, Keene Corporation, W.R. Grace Company and Fibreboard Corporation, Appellants,

v.

William BAKER, et al., Appellees.

No. 6–92–018–CV.

Court of Appeals of Texas, Texarkana.

Sept. 9, 1992.

James Powers, Roberts, Markel, Folger & Powers, Kevin F. Risley, Sandra S. Hall, Butler & Binion, Houston, Sandra Clark, Mehaffy, Weber, Keith & Gonsoulin, R. Lyn Stevens, Joe Stalling, Weller, Wheelus & Green, Beaumont, Dennis Chambers, Atchley, Russell, Waldrop & Hlavinka, for appellants.

William W. Kilgarlin, Popp & Ikard, Austin, Scott Baldwin, Jr., Baldwin & Baldwin, Marshall, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is an appeal from an injunction prohibiting the defendants from seeking injunctions in Canadian courts that would prohibit certain plaintiffs from pursuing this suit in Texas. This Court has twice affirmed orders granting similar injunctions on behalf of other plaintiffs. *See Pittsburgh–Corning Corp. v. Askewe*, 823 S.W.2d 759 (Tex.App.–Texarkana 1992, no writ); *Owens–Illinois, Inc. v. Webb*, 809 S.W.2d 899 (Tex.App.—Texarkana 1991, writ dism'd w.o.j.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1293, 117 L.Ed.2d 516 (1992).

Although stated in greater detail in our other opinions, the basic facts will be re-stated. The original plaintiffs, residents of several Canadian provinces, filed a personal injury suit against the defendants in Harrison County, Texas. Although all the alleged injuries occurred in Canada, the plaintiffs brought their suit in Texas, as allowed by Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1986). The defendants obtained an order from a British Columbia court prohibiting the plaintiffs who resided in British Columbia from maintaining their suit in Texas. When this order became final, the other plaintiffs who were not from British Columbia obtained from the Harrison County District Court a temporary restraining order and then an injunction prohibiting the defendants from seeking similar anti-suit injunctions against the plaintiffs in the remaining Canadian provinces. This appeal involves the temporary injunction entered on March 6, 1992, after an evidentiary hearing. That injunction was obtained by a group of plaintiffs, the Baker group, who joined this action after the previous injunctions had been issued.

■ Appellate review of an order granting a temporary injunction is strictly limited to whether the trial court has clearly abused its discretion. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ Defendants first contend that the trial court abused its discretion in entering the anti-anti-suit injunction because the plaintiffs did not prove that there are equal treaty rights between the United States and Canada, and therefore they did not prove a probable right of recovery. To be entitled to a temporary injunction, the movant must show there is a probable right to recovery, that imminent and irreparable harm will occur if the injunction is not issued, and that no adequate remedy at law exists. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). Defendants contend that the existence of equal treaty

rights is a prerequisite to plaintiffs' right to maintain their suit under Tex.Civ.Prac. & Rem.Code Ann. § 71.031,[1] and that they have made no showing of such treaty rights.[2]

An applicant for injunction need not show that he will prevail on all the essential elements of his suit. He must only show a probable right to relief. Moreover, the trial court is not required to explain in detail its reasons for concluding that the applicant has shown a probable right to final relief. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). In reviewing the trial court's order, the appellate court should draw inferences from the evidence in the manner most favorable to the trial court's ruling. *James v. Wall*, 783 S.W.2d 615, 619 (Tex. App.—Houston [14th Dist.] 1989, no writ); Wendell Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's L.J. 865, 876 (1990).

The trial court may consider any material or source, whether or not submitted by a party or admissible under the rules of evidence, to determine the law of a foreign nation. Tex.R.Civ.Evid. 203. An affidavit previously filed in connection with this action constituted some evidence of equal treaty rights between the United States and Canada. The record also reflects that argument of this point had been heard by the trial court in a plea to the jurisdiction. Thus, the record, when viewed in the most favorable light, supports the trial court's finding that plaintiffs showed a probable right to relief.

Rule 203 further requires the court considering outside sources to give the parties notice and an opportunity to comment on the sources and to submit further materials for review. The record does not reflect that the court gave the parties such a notice and opportunity. This failure does not appear to have been such as was reasonably calculated to cause the rendition of an improper judgment, Tex.R.App.P. 81(b), because a number of treaties between the United States and Canada grant rights of court access and substantive rights to the citizens of each nation. Even if comment on the court's sources had been allowed, it is not likely that the trial court's decision would have been different.

Defendants also contend that the injunction was improper because the plaintiffs failed to show they would suffer any irreparable injury. Defendants point to the trial court's order, which spoke of irreparable injury in terms of trial delays, inadequate recoveries, and litigation costs, and they argue that those matters do not constitute irreparable harm. However, delay and expense of litigation, as well as the time required to settle the issues, *are factors* which have been considered in determining whether a court should issue an injunction. *Repka v. American Nat. Ins. Co.*, 143 Tex. 542, 186 S.W.2d 977, 980 (1945). Furthermore, an anti-suit injunction may be granted to avoid vexatious litigation. *University of Texas v. Morris*, 162 Tex. 60, 344 S.W.2d 426, 428 (1961), *cert. denied*, 366 U.S. 973, 81 S.Ct. 1940, 6 L.Ed.2d 1262 (1961).

---

**1.** Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (Vernon 1986) provides:

(a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action; and

(3) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) All matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

**2.** This may be a question of jurisdiction on which an interlocutory appeal may not be based. Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1992).

The defendants also contend that the plaintiffs' showing of irreparable harm was based on speculative evidence. One of plaintiffs' attorneys testified to the delays occasioned by the British Columbia anti-suit injunction proceeding, stating that those plaintiffs have gone for two and a half years without any opportunity for their trial in court and during that time some of the plaintiffs have died. He also testified to the high costs of similar litigation in Canada. He further testified that the Canadian legal community has little asbestos litigation experience and that defendants in those types of cases attempt to delay the legal process whenever possible. While this witness's credibility was questioned, the trial judge was entitled to believe it, and it supports her conclusion that the denial of the temporary injunction would cause an irreparable harm to the plaintiffs.

Defendants next contend that the injunction is improper because it gives the plaintiffs all the relief they seek on the issue of forum selection. Although it is error to grant a temporary injunction that accomplishes the ultimate objective of the suit, *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952), the ultimate goal of the present lawsuit is to collect damages for personal injuries. The temporary injunction does not determine any issue related to liability or damages.

The cases relied on by defendants are not in point. *Texas Foundries v. International Moulders & Foundry Workers' Union*, 248 S.W.2d 460; *Garza v. City of Mission*, 684 S.W.2d 148 (Tex.App.–Corpus Christi 1984, writ dism'd); *Global Natural Resources v. Bear, Stearns & Co.*, 642 S.W.2d 852, 855 (Tex.App.—Dallas 1982, no writ); and *Dallas Independent School Dist. v. Daniel*, 323 S.W.2d 639 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.), were suits in which temporary injunctions would have provided the same relief as that sought in the primary actions. In *Ballenger v. Ballenger*, 694 S.W.2d 72 (Tex.App.—Corpus Christi 1985, no writ), a temporary injunc-

tion preventing the distribution of an estate was set aside because there was an adequate remedy at law.

The injunction here does not adjudicate the merits of the suit. It merely preserves the status quo by preventing the defendants from obtaining orders from a Canadian court which would prevent the Texas case from proceeding. *See Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981).

Defendants further assert that the trial court abused its discretion because the public interest does not favor an injunction such as that issued here. Public interest is a factor the court must consider in reviewing a temporary injunction. *Elmore Enterprises v. Allen*, 667 S.W.2d 181, 182 (Tex.App.—Texarkana 1983, no writ). Defendants argue that the injunction here offends the principles of international comity, infringes on the sovereign rights of Canada, and requires the citizens of Texas to bear the costs and docket delays resulting from claims having no connection with Texas. However, just as Canada has a legitimate interest in exercising extraterritorial control over its citizens, the state of Texas has a legitimate interest in the extraterritorial acts of its corporate residents. *See Steele v. Bulova Watch Co.*, 344 U.S. 280, 73 S.Ct. 252, 97 L.Ed. 319 (1952); *Owens-Illinois, Inc. v. Webb*, 809 S.W.2d at 904; RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW OF THE UNITED STATES § 402 (1987). Texas apparently chose this interest as the more important public policy when it abolished the doctrine of *forum non conveniens*. *See Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674, 678–79 (Tex.1990).

Defendants also argue that the injunction infringes on their rights of speech, due process, and access to the courts in violation of the United States and Texas Constitutions. While the right to file a lawsuit has been held to be a form of communication embraced by the First Amendment, *Abbott v. Thetford*, 529 F.2d 695, 699, *vacated on other grounds*, 534 F.2d 1101 (5th Cir.1976), *cert. denied*, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 804 (1977), contentions that one's freedom of

speech is violated are to no avail against injunctions to prevent vexatious litigation. *See University of Texas v. Morris*, 162 Tex. 60, 344 S.W.2d 426. *Morris* involved an anti-suit injunction preventing a plaintiff from filing numerous lawsuits in different jurisdictions against common defendants. The threatened litigation there was clearly harassing and instituted in an effort to gain a favorable settlement. *University of Texas v. Morris*, 344 S.W.2d at 429.

While the *Morris* case was not the factual equivalent of the present case, the court's reasoning may be applied here. The court reasoned that the plaintiff was deprived of no legal right because he was free to litigate his claim in the district court, even though he was not permitted to file repeated suits in various other forums. Similarly, the injunction here deprives defendants of no right to fully litigate their claims in the Texas trial court.

 If it is considered as restricting defendants' free speech rights, the injunction here may be viewed as a time, place, and manner restriction. Such restrictions are constitutional if they serve substantial government interests and do not unreasonably limit alternative channels of communication. *Medlin v. Palmer*, 874 F.2d 1085 (5th Cir.1989). The state's jurisdiction over its own corporate residents is at least a substantial state interest. *Owens–Illinois, Inc. v. Webb*, 809 S.W.2d at 902.

Defendants also rely on the open-courts provision of the Texas Constitution, *see* TEX.CONST. art. I, § 13, but the injunction here in no way closes the courts of Texas to the defendants. Indeed, it prohibits *defendants* from seeking to close the Texas court to access by the *plaintiffs*.

 Defendants' due process contentions consist of conclusory statements, with citation only to the United States and Texas Constitutions. For lack of specific argument and authority, these contentions are waived. TEX.R.APP.P. 74(f).

Moreover, to take the position urged by Owens–Corning under this point of error would render the use of an anti-suit injunction unconstitutional in almost every conceivable situation. Under the analysis urged, a constitutional violation would be found any time a litigant subject to the jurisdiction of one court is prevented from pursuing related litigation in other jurisdictions.

Finally, defendants contend that the injunction violates the Supremacy Clause of the United States Constitution because it prohibits removal of the case to federal court. They base their argument on the following language in the order:

> IT IS THEREFORE ORDERED that Defendants ... are hereby commanded forthwith to desist and refrain from taking any steps ... to obtain or enforce any injunction ... or instigating, beginning or otherwise pursuing any suit or action *in any province of Canada or state or territory*, which in any way attempts to restrain or prohibit these Plaintiffs from pursuing their asbestos actions ... or in anyway attempts to remove these asbestos cases from this Court to *another jurisdiction* until judgment in this cause is entered by this Court.

(Emphasis added).

We question whether the first emphasized passage extends to federal courts, those not being within either a state's or territory's jurisdiction. Although the second emphasized passage could be construed to include federal jurisdiction, such a construction would run afoul of 28 U.S.C.A. § 1441 (West 1973 & Supp.1992).[3] We hold that this order does not prohibit removal to federal court.

Contentions that the trial court unreasonably asserted jurisdiction, that the injunction intrudes into foreign affairs, and that it offends the Supremacy Clause by violat-

---

**3.** 28 U.S.C.A. § 1441(a) (West Supp.1992) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

ing comity and the act of state doctrine were previously addressed by this Court. *See Pittsburgh–Corning Corp. v. Askewe,* 823 S.W.2d 759; *Owens–Illinois, Inc. v. Webb,* 809 S.W.2d 899.

We find no abuse of discretion. The judgment of the trial court is affirmed.