Reversed and Rendered and Plurality and Concurring Opinions
filed August 12, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00338-CR



Gregory Carl
Green, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 40th District Court

Ellis County, Texas

Trial Court
Cause No. 32,870-CR



 

 CONCURRING OPINION

I concur with the plurality's judgment.  I write
separately to address any confusion about this court’s constitutionally
mandated conclusive jurisdiction over appellate review for factual sufficiency
of the evidence.[1] 
Apparently, the undersigned and the author of the plurality opinion in this
case are the only members of this court who have demonstrated a willingness to
defend this court’s conclusive jurisdiction over factual sufficiency of the
evidence in criminal cases.  As jurists, we have a sworn duty to protect and
defend the Texas Constitution and this court’s legitimately conferred jurisdiction
to the extent necessary to provide full justice for all litigants.  See Pittsburgh-Corning
Corp. v. Askewe, 823 S.W.2d 759, 761 (Tex. App.―Texarkana 1992, no
writ) (quoting Laker Airways v. Sabena, Belgian World Airlines, 731 F.2d
909, 927, 930–31 (D.C. Cir. 1984)).  This is our duty even when the highest
court for criminal appeals in Texas seemingly disregards a constitutional
protection afforded to all Texans.

In her concurring opinion[2], Justice
Frost remonstrates that we are bound by the Texas Constitution to follow the
decision of the Court of Criminal Appeals in Brooks v. State, 323 S.W.3d
893, 895 (Tex. Crim. App. 2010) (Hervey, J., joined by Keller, Keasler, &
Cochran, JJ., plurality op.) (overruling Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996)); id. at 926 (Cochran, J., concurring, joined by
Womack, J.) (same conclusion as plurality).  However, we are not gagged, and it
is lamentable that only a very short list of intermediate appellate court
justices have questioned the decision of the Court of Criminal Appeals to
“abolish” appellate review for factual sufficiency of the evidence in criminal
cases.  See Howard v. State, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App.
2011) (citing Brooks and commenting, “The appellant also argues that the
evidence was factually insufficient, but since the appellant’s brief was
submitted we have abolished factual-sufficiency review”).   

Recently, I called for en
banc review of this court’s decision to follow, without question, the Court of
Criminal Appeals’s decision to “abolish” factual-sufficiency review in criminal
cases.  See Temple v. State, --- S.W.3d ---, No. 14-08-00074-CR,
2010 WL 5175018 (Tex. App.―Houston [14th Dist.] Dec. 21, 2010, no pet.
h.) (Seymore, J., dissent to denial of reh’g en banc (May 24, 2011)).  In my
dissent to denial of en banc review, I identified and described analytical
errors committed by the plurality in Brooks.  Id. at *68–73.  In
response to the Brooks decision, some of my colleagues argue that the
Court of Criminal Appeals has hierarchical authority over this court, and we
must accede to that court’s pronouncements of law.  However, no member of the
appellate judiciary in Texas has directly addressed my criticisms of the Brooks
plurality opinion.  Accordingly, I invite all members of this court and any
member of the Texas appellate judiciary to defend the Brooks plurality’s
decision to “abolish” factual-sufficiency review in criminal cases and respond
directly to my criticisms outlined below.

The Brooks plurality’s stated reasons for
discarding factual-sufficiency review are unsupportable. 

Clewis represented a compromise between
long-standing deference to the jury’s verdict and a criminal defendant’s
constitutional right to appellate review of questions of fact.  The appellate
court entertained qualified deference to the jury’s assessment of the weight,
credibility, or reliability of the admittedly legally-sufficient evidence.  Brooks,
323 S.W.3d at 928 (Price, J., dissenting).  When viewing the evidence in a
neutral light, an appellate court was not required to resolve every conflict in
the evidence, or draw every inference from ambiguous evidence, in favor of the
defendant’s guilt just because a rational jury could have drawn such an
inference; the court accepted the proposition that qualified deference does not
convert factual-sufficiency review into legal-sufficiency review.  See id. at
929 (Price, J., dissenting).  Consequently, for many
years, appellate courts concluded there was no inherent conflict in the
factual-sufficiency standard of review when an appellate court is “deferential”
to the jury’s verdict while neutrally considering and weighing all of the
evidence in the record.  However, the Brooks plurality concluded that
the Clewis requirement of deference to the jury as the sole judge of a
witness’s credibility and the weight to be given testimony eliminates viewing
the evidence in a “neutral light.”  Id. at 894, 902 (plurality op.) (overruling
Clewis, 922 S.W.2d 126).  Thus, the Court of Criminal Appeals created a
conundrum.  The judges on the Court of Criminal Appeals could not reconcile the
concept of reviewing the evidence in a neutral light, as prescribed in Tibbs,
with lengthy Texas jurisprudence, both civil and criminal, according much deference
to the jury’s determinations of weight and credibility.  The Brooks plurality
referred to Lancon v. State, 253 S.W.3d 699 (Tex. Crim. App. 2008), as
the final nail in the coffin for factual-sufficiency review.  Id. at
901–02 (plurality op.); see also id. at 925–26 (Cochran, J.,
concurring).  Those judges concluded that the Clewis
standard of review for factual sufficiency is indistinguishable from the
standard of review for legal sufficiency prescribed in Jackson.  Id.
at 895, 901–02 (plurality op.).  In support of eliminating appellate review of
the evidence for factual sufficiency, the Brooks plurality created two
straw horses: (1) troubling double-jeopardy problems are presented because the Clewis
factual-sufficiency standard of review is barely distinguishable from the Jackson
legal-sufficiency standard; and (2) the non-deferential standard in Clewis
could violate the right to trial by jury under the Texas Constitution.  Id.
at 902­–06.

First, relative to double jeopardy, a court may set
aside a conviction for any unspecified reason and order a new trial because
initial jeopardy continues and the case is restored to its position before the
former trial.  See Lofton v. State, 777 S.W.2d 96, 97 (Tex. Crim. App.
1989).  The risks of double jeopardy following reversal based on factual
insufficiency were fully clarified by the United States Supreme Court in Tibbs
v. Florida, 457 U.S. 31, 40–44 (1982).  When an appellate court sits as a
“thirteenth juror” and, after weighing the evidence in a neutral light without
deference to the jury’s resolution of conflicting evidence, determines the
evidence is factually insufficient to support conviction, an acquittal has not
occurred, but a “deadlocked jury.”  Id. at 42.  Therefore, there is no double
jeopardy risk.  Id.  The Double Jeopardy Clause does not prevent an
appellate court from granting a convicted defendant an opportunity to seek
acquittal through a new trial.  Id.  Consequently, it is acutely ironic
that the Texas Court of Criminal Appeals relies on the Double Jeopardy Clause to
“abolish” a Texan’s state constitutional right to appellate review of questions
of fact.  The judges who formed the Brooks plurality were so focused
on resolving the analytical conundrum created by Clewis that they failed
to acknowledge the difference between a constitutional guarantee of appellate
review versus a standard of review gleaned under the principles of stare
decisis.  For example, the plurality concluded, “We believe that these and the
reasons given by the Florida Supreme Court for abandoning its
factual-sufficiency standard are good reasons for discarding the confusing and
contradictory Clewis factual-sufficiency standard.”  Brooks, 323
S.W.3d at 905 (plurality op.).  The plurality failed to acknowledge the fact
that Florida does not have a similar constitutional guarantee of appellate
review for questions of fact.    

Second, there is persistent irony relative to the Brooks
plurality’s concern that application of “a non-deferential standard could
violate the right to trial by jury under the Texas Constitution.”  Id.
at 905 (plurality op.).  The Brooks plurality
placed unnecessary emphasis on the statutory language establishing the jury as
the exclusive judge of the facts and weight to be given evidence.  Id. at
908 (plurality op.) (citing Tex. Code Crim. Proc. Ann. arts. 36.13 (West 2007),
38.04 (West 1979); Watson v. State, 204 S.W.3d 404, 409 (Tex. Crim. App.
2006)).  This analytical error results from an overbroad interpretation,
contrary to the constitutional mandate and statutory authorization for this
court to reverse a criminal conviction “as well upon the law as upon the
facts.”  Tex. Const. art. V, § 6(a); Tex. Code
Crim. Proc. Ann. art. 44.25 (West 2006).

In justification of its landmark decision, the Brooks
plurality opined that the Court of Criminal Appeals had never tolerated the
suggestion that an appellate court could simply disagree with the jury’s
verdict.  The plurality remonstrated, “Thus, the only way to retain a
factual-sufficiency standard . . . would be to allow reviewing courts to sit as
‘thirteenth jurors.’  However, our factual-sufficiency decisions have
consistently declined to do this.”  Brooks, 323 S.W.3d at 905 (plurality
op.) (citing Watson, 204 S.W.3d at 416).  Consequently,
without a reason, other than purported adherence to stare decisis, the Court of
Criminal Appeals chose to ignore instructions and admonition of the United
States Supreme Court in Tibbs.  How about the simple proposition that
the jurisdiction and authority of the Court of Criminal Appeals to establish
standards for appellate review of the evidence does not infuse the Court of
Criminal Appeals with power to “abolish” an express constitutional guarantee of
conclusive intermediate court appellate review of questions of fact?  There
may not be any meaningful distinction between Jackson v. Virginia legal-sufficiency
review and factual-sufficiency review under Clewis, but this
conundrum created by the Court of Criminal Appeals should not have resulted in
disgorgement of a Texan’s right to appellate review of questions of fact as questions
of fact.  The simple and logical resolution of the Clewis conundrum
would have been to fully adopt the standard of review for factual sufficiency
prescribed by the same United States Supreme Court that prescribed the standard
of review for legal sufficiency of the evidence.  See generally Tibbs,
457 U.S. 31.  Moreover, it should be obvious to all jurists that a
convicted criminal defendant is not concerned about preserving the jury’s
verdict.  The Brooks plurality can be assured that a convicted
criminal defendant will not argue appellate review of the evidence in a neutral
light violates his right to a trial by jury!

The
Jackson v. Virginia standard of review for legal sufficiency does not fulfill
a Texan’s constitutional right to appellate review of his questions of fact.

In an effort to explain their unquestioning
acquiescence to Brooks, some of my colleagues readily accept the
proposition that the Jackson standard of review for legal sufficiency of
the evidence covers any questions of fact raised by an appellant.  I would
gently suggest that those members of the court fail to acknowledge the unique
constitutional duty of Texas courts of appeals to decide questions of fact by
weighing all of the evidence.  See Tex. Const. art. V, § 6(a).  This is
true because a question of fact as described in the factual-conclusivity clause
is a “legal term of art signifying ‘questions of weight and preponderance of
evidence.’”  Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997)
(quoting Combs v. State, 643 S.W.2d 709, 715 (Tex. Crim. App. 1982)).  Under
Jackson, “the factfinder’s role as weigher of the evidence is preserved
through a legal conclusion that upon judicial review all of the evidence
is to be considered in the light most favorable to the prosecution.”  Jackson,
443 U.S. at 319.   The appellate court completely and totally
defers to the jury’s weight and credibility determinations.  Id. at 319
& n.13, 326.  The evidence is not weighed, and a successful challenge to
legal sufficiency of the evidence results in acquittal, not a new trial.  See
Tibbs, 457 U.S. at 41–42.  Whether the evidence is legally sufficient under
Jackson “is of course wholly unrelated to the question of how
rationally the verdict was actually reached. . . . [T]he standard announced
today . . . does not require scrutiny of the reasoning process”
used by the fact-finder.  Jackson, 443 U.S. at 319 n.13 (emphasis
added).  Succinctly, evidence is legally insufficient when the “only proper
verdict” is acquittal.  Tibbs, 457 U.S. at 42.  The United States
Supreme Court clearly instructed state courts of appeals not to confuse the two
standards of review.

A reversal on [a
factual-sufficiency] ground, unlike a reversal based on [legally-]insufficient
evidence, does not mean that acquittal was the only proper verdict. 
Instead, the appellate court sits as a “thirteenth juror” and disagrees with
the jury’s resolution of the conflicting testimony. This difference of opinion
no more signifies acquittal than does a disagreement among the jurors
themselves. A deadlocked jury, we consistently have recognized, does not result
in an acquittal barring retrial under the Double Jeopardy Clause.  Similarly,
an appellate court’s disagreement with the jurors’ weighing of the evidence
does not require the special deference accorded verdicts of acquittal.

Id.
at 42–43 (citations and footnotes omitted) (emphasis added).

It is also obvious that the United States Supreme
Court expressly rejected the contention (accepted as true by the Brooks plurality)
that a “distinction between the weight [(factual sufficiency)] and [legal]
sufficiency of the evidence is unworkable,” noting that “trial and appellate
judges commonly distinguish between the weight [(factual sufficiency)] and
[legal] sufficiency of the evidence” and the Due Process Clause “sets a lower
limit on an appellate court’s definition of evidentiary sufficiency.”  Id.
at 44–45 (emphasis added).    

My colleagues should question why the Brooks
plurality would fully embrace the admonition and instruction from the United
States Supreme Court in Jackson but ignore clear definitions and
instructions from that same court in Tibbs when responding to a request
for constitutionally guaranteed appellate review of the evidence for factual
sufficiency.  Obviously, there is no factual-sufficiency component in the
standard of review for legal sufficiency prescribed by the United States
Supreme Court in Jackson. Again, I posit to my colleagues that the
conclusion is inescapable: the Court of Criminal Appeals has disgorged Texans
of a constitutional right that implicates due process of law in criminal cases
and usurped this court’s conclusive jurisdiction over factual sufficiency of
the evidence in criminal cases. 

Apparently concerned about my vociferous opposition
to the Court of Criminal Appeals’s decision to “abolish” appellate review of
questions of fact guaranteed by the Texas Constitution, Justice Frost suggests intermediate
appellate court judges “honor their oaths of office” by following the dictates
or pronouncements of the Court of Criminal Appeals.  I respectfully respond
that the highest duty under the judicial oath of office is to protect and
defend the Texas Constitution.[3] 
Moreover, in response to my colleague, I submit that the plain language in Article 5, Section 6 of Texas
Constitution does not limit intermediate courts of appeals to points of error
pertaining to sufficiency of evidence to support affirmative defenses in
criminal cases.  My colleague previously opined, “In interpreting the Texas
Constitution, Texas courts rely heavily on the literal text and must give
effect to its plain language.”  Robinson v. Crown Cork & Seal Co., Inc.,
251 S.W.3d 521, 541 (Tex. App.―Houston [14th Dist.] 2006) (Frost, J.,
dissenting).  The Court of Criminal Appeals previously acknowledged this
court’s conclusive jurisdiction over factual sufficiency and further
acknowledged that the Court of Criminal Appeals does not have jurisdiction or
constitutional authority to “abolish” factual-sufficiency review in criminal
cases.  See Laster v. State, 275 S.W.3d 512, 518–19 (Tex. Crim. App. 2009); Bigby
v. State, 892 S.W.2d 864, 872–75 & n.3 (Tex. Crim. App. 1994); Ex
parte Schuessler, 846 S.W.2d 850, 852–53 (Tex. Crim. App. 1993).  
Moreover, the Court of Criminal Appeals cautioned
against a back-door effort to undermine this constitutional imperative.

[I]t [is] not
appropriate for this Court to create a standard of review which is in conflict
with the language of our State Constitution.

Meraz v. State, 785
S.W.2d 146, 152 (Tex. Crim. App. 1990) (the court expressed no opinion
regarding the role of courts of appeals in reviewing sufficiency of the
evidence relative to proof of the elements of an offense).  In his concurring opinion in Ervin v. State,
Justice Jennings described the Court of Criminal Appeals’s adventure into the
conclusive jurisdiction of intermediate courts of appeals.  331 S.W.3d 49,
56–70 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d) (Jennings, J.,
concurring).  Many legal scholars have expressed concern about this problem.  See
Susan Bleil & Charles Bleil, The Court of
Criminal Appeals Versus the Constitution: The Conclusivity Question, 23 St.
Mary’s L.J. 423, 424 (1991).   

Finally, some of my colleagues have expressed concern
that we risk anarchy if intermediate appellate courts do not adhere to all
decisions by the Court of Criminal Appeals.  However, I respectfully suggest
that greater risk for anarchy ensues when the two highest courts in Texas
review the same provision in the Texas Constitution and reach diametrically
opposed interpretations.  Compare Howard, 333 S.W.3d at
138 n.2 (“[W]e have abolished factual-sufficiency review.”), with Regal Fin. Co., Ltd. v. Tex Star Motors, Inc., --- S.W.3d ---, No. 08-0148, 2010 WL
3277132, at *7 (Tex. Aug. 20, 2010) (“Because a review of the evidence for
factual sufficiency is a power committed exclusively to the court of appeals,
we must remand the issue to that court.”).

                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  

  


                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel
consists of Justices Anderson, Frost, and Seymore. (Anderson, J., plurality and
Frost, J., concurring and Seymore, J., concurring)

Publish—Tex. R. App. P. 47.2 (b).









[1] “[T]he decision of [Texas courts
of appeals] shall be conclusive on all questions of fact brought before them on
appeal or error.”  Tex. Const. art. V, § 6(a).  





[2]
I join in Part II of Justice Frost's concurring opinion.





[3]
As Justice Frankfurter succinctly expressed, “A timid
judge, like a biased judge, is intrinsically a lawless judge.” Wilkerson
v. McCarthy, 336 U.S. 53, 65 (1949) (Frankfurter,
J., concurring).